## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: GENIE INVESTMENTS NV, INC.　　　　　CASE NO.:3:24-bk-00496-BAJ
　　　　　　　Debtor(s).

_____/

GENIE INVESTMENTS NV, INC　　　　　　　　Adv. Pro. No. 3:24-ap-_____-BAJ
　　　　　　　Plaintiff
v.
SEILER TUCKER, INC.

　　　　　　　Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND**

**EXTENSION OF THE AUTOMATIC STAY**

　　　　GENIE INVESTMENTS NV, INC. ("GENIE") sues SEILER TUCKER, INC ("SEILER TUCKER") for to extend and/or impose the automatic Stay provisions of Sec. 362(a) of the United States Bankruptcy Code as to SEILER TUCKER to prevent collection activity after the filing of this Chapter 11 Petition Filing. In support of such Complaint, GENIE states:

**Introduction**

1. This is an action for extension of the automatic stay filed by GENIE pursuant to Sections 105 and 362(a) of the Bankruptcy Code and for injunctive relief to prohibit future violations of the Bankruptcy Code by the Defendant.

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor(s) in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of the United States Code.

4. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5. Venue lies in this District pursuant to Section 1391(b) of the United States Code.

### Parties

6. GENIE is the Debtor under Chapter 11 of Title 11 of the United States Code in case number 3:24-bk-00496-BAJ (the "Main Case").

7. The Defendant(s) SEILER TUCKER is a Louisiana Company which had attempted to obtain financing from the Debtor prior to the filing of this Chapter 11 case.

### Factual Allegations

8. On February 21, 2024, GENIE commenced the main Chapter 11 case with the filing of a Voluntary Petition with the Clerk of this Court.

9. GENIE was granted the protection of the automatic stay provisions of 11 U.S.C. § 362 upon the filing of the Petition. As of the date of this Complaint, the automatic stay has never been lifted in favor of the Defendant.

10. On the date of filing the Chapter 11 case GENIE scheduled $375,000.00 as owed to SEILER TUCKER according to Schedule E/F filed in this case. The address of the Defendant in the Schedules matched the address provided by the Defendant to the Debtor as it's principal address.

11. The SEILER TUCKER debt was related to a BELOC loan agreement between the parties dated March 1, 2023. SEILER TUCKER had attempted to obtain a BELOC funding agreement from

the Debtor and had pre-paid the Debtor the amount of $375,000.00 as pre-paid interest on the proposed loan.

12. The GENIE and SEILER TUCKER BELOC agreement was set up generically as a loan from "GENIE INVESTMENTS" without specificity as to which GENIE entity the funds would be provided from to SEILER TUCKER.

13. As the Court has heard throughout this Chapter 11 case, ultimately, GENIE was unable to fund the SEILER TUCKER BELOC due to a fraudulent venture between GENIE and Velanos.

14. SEILER TUCKER ultimately commenced suit against GENIE INVESTMENTS II, LLC and "GENIE INVESTMENTS" in duplicate First Amended Complaints in the United States District Court for the Eastern District of Louisiana in case 23-CV-07288. No further description of the Defendant was made by SEILER TUCKER in the Amended Complaint that was ultimately filed. See attached Composite Exhibit 1.

15. GENIE ultimately had the District Court case referred to binding arbitration per contractual terms in the BELOC agreement.

16. According to the wire agreement between the parties, the SEILER TUCKER BELOC pre-paid interest funds for the loan were transferred to the GENIE INVESTMENTS II, LLC account initially. Ultimately, these funds were directed to the GENIE bank accounts as pre-petition property of the Debtor.

17. The Court set a claims deadline of July 1, 2024 after the filing of the Chapter 11 case. See Doc. No. 64. SEILER TUCKER has not filed a Proof of Claim in this case as of the date of this Complaint.

18. Despite the actual knowledge of the filing of the Chapter 11 case, SEILER TUCKER has continued to proceed with the arbitration case *Seiler Tucker Inc. vs. Genie Investments II LLC*

JAMS #5410000662 in an attempt to recover the $375,000.00 that was provided to GENIE prior to the filing of the Chapter 11 case.

## COUNT 1- EXTENSION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a) THROUGH 11 U.S.C. §105

19. The filing of the above JAMS arbitration action would violate the stay against collection contained in 11 U.S.C. § 362(a). Genie Investments II, LLC and the Plaintiff/Debtor share such a common identity that the arbitration action is essentially an action against the Debtor.

20. Specifically, the above arbitration action against Genie Investments II, LLC violates 11 U.S.C. § 362(a)(1) by the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

21. Additionally, the above action violates 11 U.S.C. § 362(a)(3) by being an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

22. The Debtor has a likelihood of successful reorganization. The Debtor has filed a Plan of Reorganization which tends to show the revenue from ongoing lending and litigation recoveries would be sufficient to reorganize the financial affairs of the Debtor.

23. There is an imminent irreparable harm to the estate in the absence of an injunction. SEILER TUCKER has already filed an arbitration action against Genie Investments II, LLC. Any judgment would allow the seizure of the Debtor's property, including funds that would be used to fund a plan of reorganization. Such activity would serve to halt future revenue of the Debtor prior to any attempt to reorganize.

24. The balance of the harms tips in favor of the Debtor. The Debtor has the ability to propose a plan to pay all unsecured claims in full, including SEILER TUCKER. That ability to propose a plan will be foreclosed by the loss of ongoing revenue as a result of the action by the Defendant. The loss of ongoing revenue will impact ALL unsecured creditors, secured creditors and the priority claims of any governmental agencies.

25. The public interest weighs in favor of an injunction as the loss of potential tax revenue from the successful reorganization of the Debtor will impact the collection efforts of the government and result in the loss of potential tax revenue.

**RELIEF REQUESTED**

PLAINTIFF requests that this Court:

1. Enter a preliminary injunction and Judgment against the SEILER TUCKER;

2. Extend the automatic stay against the SEILER TUCKER to prevent pre-petition claims and/or judgments from being pursued or collected against the Debtor and/or Genie Investments II, LLC;

3. Order the SEILER TUCKER to withdraw any post-petition arbitration and/or judgments against the Debtor and/or Genie Investments II, LLC based on pre-petition claims against the Debtor;

4. Prohibit the SEILER TUCKER from future attempts to collect the pre-petition debt owed by the Plaintiff through the filing of arbitration collection activity;

5. Allow SEILER TUCKER to be paid from any proposed plan of reorganization filed by the Debtor in this case;

6. Any and all other relief deemed necessary by this Court.

DATED this __31st_ day of July, 2024.

                                                    Law Offices of Mickler & Mickler, LLP

                                                   By:__/s/ Bryan K. Mickler_____
                                                        Bryan Mickler
                                                   Florida Bar No. 091790
                                                 Attorney for GENIE
                                                 5452 Arlington Expressway
                                                 Jacksonville, FL 32211
                                                 (904) 725-0822 / FAX: 725-0855
                                                 bkmickler@planlaw.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | CIVIL ACTION NO.: 23-CV-7288 |
| | * | |
| plaintiff | * | |
| | * | JUDGE LANCE M. AFRICK |
| versus | * | |
| | * | |
| | * | MAGISTRATE JUDGE |
| **GENIE INVESTMENTS II LLC** | * | MICHAEL NORTH |
| | * | |
| defendant | * | SECTION "I" |
| | * | DIVISION 5 |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## FIRST AMENDED COMPLAINT

Plaintiff Seiler Tucker Inc. ("STI") states the following in support of its Complaint against defendant Genie Investments II LLC ("Genie Investments"):

## INTRODUCTION

STI brings this lawsuit because defendant Genie Investments refuses to refund to STI the amount of $375,000 as required by the parties' contract. STI signed a Business Expansion Letter of Credit Agreement (the "Agreement") with Genie Investments on or about May 1, 2023. The Agreement required STI to pay Genie Investments an advance fee of three hundred seventy-five thousand dollars ($375,000.00) (the "Advance Fee") in exchange for Genie Investments' establishment of a line of credit for STI's benefit in the amount two million five hundred thousand dollars ($2,500,000.00). STI paid Genie Investments the Advance Fee, but Genie Investments failed to provide STI any line of credit. The Agreement provides that if Genie Investments fails to establish the line of credit, STI may terminate the Agreement and request a refund of the Advance Fee. On or about September 7, 2023, STI terminated the Agreement and requested a refund. For

more than three (3) months, Genie Investments has refused to return to STI the Advance Fee. As a result, STI is forced to file this lawsuit.

## PARTIES

1. Plaintiff STI is a Louisiana corporation headquartered in New Orleans, Louisiana.

2. On information and belief, Defendant Genie Investments II LLC, is a Delaware limited liability company.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount at issue exceeds $75,000.

4. Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. STI and Genie Investments entered into the Agreement on or about May 1, 2023.

6. The Agreement required STI to pay an advance fee of three hundred seventy-five thousand dollars ($375,000.00) to Genie Investments (the "Advance Fee"). In exchange, Genie Investments agreed to arrange for STI's benefit a line of credit in the amount of two million five hundred thousand dollars ($2,500,000.00) (the "LOC").

7. The Agreement further states that an initial tranche of the LOC in the amount of five hundred thousand dollars ($500,000) would be available within seventy-five (75) calendar days from the date STI paid the Advance Fee.

8. The Agreement also states that, if the first tranche of the LOC is not provided to STI within that seventy-five (75) calendar days, STI may terminate the Agreement and Genie Investments will refund the Advance Fee.

9. STI wired the Advance Fee to Genie Investment, through its account at TD Bank, N.A., pursuant to the Agreement terms on or about May 1, 2023. Genie Investments estimated the funding date for the first tranche of funds under the LOC would be July 15, 2023. However, Genie Investments never arranged the funding of the first tranche under the LOC.

10. On or about September 7, 2023, STI submitted to Genie Investments a completed Form Termination Letter to terminate the investment pursuant to the Agreement terms. STI fulfilled all the requirements to trigger a full refund of the Advance Fee. However, Genie Investments has not refunded the Advance Fee.

## COUNT I: BREACH OF CONTRACT

11. Plaintiff realleges and incorporates paragraphs 1-10 inclusive, as though fully set forth.

12. STI was obligated to pay the Deposit to Genie Investments pursuant to the Agreement. STI fulfilled its obligation.

13. Genie Investments was obligated to arrange for STI's benefit the LOC pursuant to the terms of the Agreement. Genie Investments failed to fulfill its obligation to provide the LOC, thereby breaching the Agreement.

14. STI was obligated to submit certain contract termination documents to Genie Investments to trigger Genie Investments' obligation to refund the Advance Fee to STI. STI fulfilled those obligations pursuant to the Agreement.

15. Genie Investments was obligated to refund the Advance Fee to STI pursuant to the terms of the Agreement. However, Genie Investments failed to refund the Advance Fee to STI, thereby breaching the Agreement.

16. STI has been harmed because Genie Investments refused to return the Advance Fee to STI.

17. Genie Investments owes STI three hundred seventy-five thousand dollars ($375,000.00).

18. STI seeks an order from this Court ordering Genie Investments to immediately pay STI three hundred seventy-five thousand dollars ($375,000.00).

19. STI seeks all other remedies this Honorable Court deems fit.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and that a judgment be entered that:

A. Genie Investments must immediately pay STI three hundred seventy-five thousand dollars ($375,000.00);

B. Genie Investments be ordered to pay STI pre-judgment and post-judgment interest;

C. Genie Investments be ordered to pay STI's attorney fees and court costs as required by the Agreement; and

D. STI be granted such other further and general relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 29th day of February, 2024:

Respectfully Submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
glatham@iplawconsulting.com
Adam V. Vickers (T.A.) (LSBA 34992)
avickers@iplawconsulting.com
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I caused a true and accurate copy of the foregoing pleading to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system, and via U.S. Priority Mail to defendant Genie Investment II LLC's registered agent as follows:

Phyllis Cropper
Registered Agent for Genie Investment II LLC
908 E 17th Street
Wilmington, DE 19802

      /s/ Adam V. Vickers
      Adam V. Vickers

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | CIVIL ACTION NO.: 23-CV-7288 |
| | * | |
| plaintiff | * | |
| | * | JUDGE LANCE M. AFRICK |
| versus | * | |
| | * | |
| | * | MAGISTRATE JUDGE |
| **GENIE INVESTMENTS** | * | MICHAEL NORTH |
| | * | |
| defendant | * | SECTION "I" |
| | * | DIVISION 5 |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FIRST AMENDED COMPLAINT**

Plaintiff Seiler Tucker Inc. ("STI") states the following in support of its Complaint against defendant Genie Investments II LLC ("Genie Investments"):

**INTRODUCTION**

STI brings this lawsuit because defendant Genie Investments refuses to refund to STI the amount of $375,000 as required by the parties' contract. STI signed a Business Expansion Letter of Credit Agreement (the "Agreement") with Genie Investments on or about May 1, 2023. The Agreement required STI to pay Genie Investments an advance fee of three hundred seventy-five thousand dollars ($375,000.00) (the "Advance Fee") in exchange for Genie Investments' establishment of a line of credit for STI's benefit in the amount two million five hundred thousand dollars ($2,500,000.00). STI paid Genie Investments the Advance Fee, but Genie Investments failed to provide STI any line of credit. The Agreement provides that if Genie Investments fails to establish the line of credit, STI may terminate the Agreement and request a refund of the Advance Fee. On or about September 7, 2023, STI terminated the Agreement and requested a refund. For

more than three (3) months, Genie Investments has refused to return to STI the Advance Fee. As a result, STI is forced to file this lawsuit.

## PARTIES

1. Plaintiff STI is a Louisiana corporation headquartered in New Orleans, Louisiana.

2. On information and belief, Defendant Genie Investments II LLC, is a Delaware limited liability company.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount at issue exceeds $75,000.

4. Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. STI and Genie Investments entered into the Agreement on or about May 1, 2023.

6. The Agreement required STI to pay an advance fee of three hundred seventy-five thousand dollars ($375,000.00) to Genie Investments (the "Advance Fee"). In exchange, Genie Investments agreed to arrange for STI's benefit a line of credit in the amount of two million five hundred thousand dollars ($2,500,000.00) (the "LOC").

7. The Agreement further states that an initial tranche of the LOC in the amount of five hundred thousand dollars ($500,000) would be available within seventy-five (75) calendar days from the date STI paid the Advance Fee.

8. The Agreement also states that, if the first tranche of the LOC is not provided to STI within that seventy-five (75) calendar days, STI may terminate the Agreement and Genie Investments will refund the Advance Fee.

9. STI wired the Advance Fee to Genie Investment, through its account at TD Bank, N.A., pursuant to the Agreement terms on or about May 1, 2023. Genie Investments estimated the funding date for the first tranche of funds under the LOC would be July 15, 2023. However, Genie Investments never arranged the funding of the first tranche under the LOC.

10. On or about September 7, 2023, STI submitted to Genie Investments a completed Form Termination Letter to terminate the investment pursuant to the Agreement terms. STI fulfilled all the requirements to trigger a full refund of the Advance Fee. However, Genie Investments has not refunded the Advance Fee.

## COUNT I: BREACH OF CONTRACT

11. Plaintiff realleges and incorporates paragraphs 1-10 inclusive, as though fully set forth.

12. STI was obligated to pay the Deposit to Genie Investments pursuant to the Agreement. STI fulfilled its obligation.

13. Genie Investments was obligated to arrange for STI's benefit the LOC pursuant to the terms of the Agreement. Genie Investments failed to fulfill its obligation to provide the LOC, thereby breaching the Agreement.

14. STI was obligated to submit certain contract termination documents to Genie Investments to trigger Genie Investments' obligation to refund the Advance Fee to STI. STI fulfilled those obligations pursuant to the Agreement.

15. Genie Investments was obligated to refund the Advance Fee to STI pursuant to the terms of the Agreement. However, Genie Investments failed to refund the Advance Fee to STI, thereby breaching the Agreement.

16. STI has been harmed because Genie Investments refused to return the Advance Fee to STI.

17. Genie Investments owes STI three hundred seventy-five thousand dollars ($375,000.00).

Page -3 -

18. STI seeks an order from this Court ordering Genie Investments to immediately pay STI three hundred seventy-five thousand dollars ($375,000.00).

19. STI seeks all other remedies this Honorable Court deems fit.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and that a judgment be entered that:

A. Genie Investments must immediately pay STI three hundred seventy-five thousand dollars ($375,000.00);

B. Genie Investments be ordered to pay STI pre-judgment and post-judgment interest;

C. Genie Investments be ordered to pay STI's attorney fees and court costs as required by the Agreement; and

D. STI be granted such other further and general relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 29th day of February, 2024:

Respectfully Submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
glatham@iplawconsulting.com
Adam V. Vickers (T.A.) (LSBA 34992)
avickers@iplawconsulting.com
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I caused a true and accurate copy of the foregoing pleading to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system, and via U.S. Priority Mail to defendant Genie Investment II LLC's registered agent as follows:

Phyllis Cropper
Registered Agent for Genie Investment II LLC
908 E 17th Street
Wilmington, DE 19802

   /s/ Adam V. Vickers
      Adam V. Vickers